**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SERVICE EMPLOYEES INTERNATIONAL UNION HEALTH AND WELFARE FUND,
1800 Massachusetts Ave, Suite 301
Washington, DC 20036-1202,

and

TOM BALANOFF, CHRISTOPHER BOUVIER, KURT EDELMAN, SITA MORANTZ, JAVIER MORILLO, DAVID MONROE and JOHN NESSE TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTH AND WELFARE FUND
1800 Massachusetts Ave, Suite 301
Washington, DC 20036-1202,

*Plaintiffs,*

v.

MISSIONS, INC. PROGRAMS
d/b/a MISSION NURSING HOME
3409 East Medicine Lake Blvd.
Plymouth, MN 55441

*Defendant.*

Civil Action No: 17-cv-1879

**Additional Required Service under 29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor**
**Attn: Assistant Solicitor**
**for Plan Benefits Security**
**200 Constitution Ave., N.W.**
**Washington, DC 20210**

**U.S. Department of Treasury**
**Attn: Secretary of the Treasury**
**1500 Pennsylvania Avenue, NW**
**Washington, D.C. 20220**

## COMPLAINT UNDER ERISA FOR AUDIT DOCUMENTS, ATTORNEYS FEES, AND COSTS

### Introduction, Jurisdiction and Venue

1. This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), and (g)(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3),

(d)(1) and (g)(2) and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to enforce Defendant's contractual and statutory obligations to provide payroll review records to the Service Employees International Union Health & Welfare Fund for an audit of its plan contributions.

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union Health & Welfare Fund is administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the United States Secretary of Labor and the United States Secretary of the Treasury by certified mail on or about the date of filing.

**Parties**

5. Plaintiff Service Employees International Union Health & Welfare Fund (the "SEIU Health & Welfare Fund" or "Fund"), is an employee welfare benefit plan within the meaning of Sections 3(1), (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing health and welfare benefits to eligible employees and their dependents. The Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered at 1800 Massachusetts Ave, NW, Suite 301, Washington, D.C. 20036.

6. Plaintiffs Tom Balanoff, Christopher Bouvier, Kurt Edelman, Sita Morantz, Javier Morillo, David Monroe, and James Nesse are the duly authorized Trustees of the SEIU Health &

Welfare Fund whose duty it is to administer the Fund for the benefit of the participants and beneficiaries of the Fund. Plaintiff Trustees are fiduciaries within the meaning of 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant Missions, Inc. Programs doing business as Mission Nursing Home ("Mission"), is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), c(11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Upon information and belief, Defendant Mission is a nonprofit corporation formed in the State of Minnesota, and has a corporate mailing address of 3409 East Medicine Lake Boulevard, Plymouth, Minnesota 55441.

## **Factual Background**

9. At all relevant times, the Service Employees International Union, Local 26 (the "Union") has been the exclusive collective bargaining agent for Defendant's covered employees.

10. At all relevant times, the Defendant was party to a collective bargaining agreement ("Collective Bargaining Agreement" or "CBA") with the Union, effective for the period of October 1, 2012 through September 30, 2015 establishing the terms and conditions of employment for Defendant's "full-time and regular part-time employees; including LPNs, NARs, TMAs, cooks, dietary aides, housekeepers, laundry aides, resident monitors and maintenance assistants employed by the Employer at its Plymouth, MN facility . . ..". A true and correct copy of the CBA is attached as Plaintiffs' Exhibit 1.

11. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multiemployer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement.

12. Pursuant to the CBA, the Defendant must contribute to the SEIU Health & Welfare Fund a specified amount each month for each eligible employee. *See* Exhibit 1, Art. 15.

13. The SEIU Health & Welfare Fund exists pursuant to the terms of the Agreement and Declaration of Trust ("Health Trust Agreement"). A true and correct copy of the Agreement and Declaration of Trust for the Fund is attached hereto as Plaintiffs' Exhibit 2. Pursuant to the CBA, the Defendant agrees to be bound by the Health Trust Agreement. *See* Exhibit 1, Art. 15.

14. Article IX of the SEIU Health & Welfare Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Health & Welfare Fund with the employer's contributions. *See* Exhibit 2, Article IX, Section 3. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month.

15. Furthermore, Article IX, Section 4 of the Health Trust Agreement empowers the Trustees to audit the payroll records and books of any participating employer. Pursuant to the Health Trust Agreement, the employer is required to make its payroll records and books available to the Fund. *See* Exhibit 2, Article IX, Section 4.

16. In order to implement and execute the terms and conditions of the Trust Agreement and the SEIU Health & Welfare Fund, the Trustees published and adopted a Statement of Policy for Collection of Delinquent Contributions ("SEIU Health & Welfare Fund Collection Policy") establishing the steps and responsibilities of the Trustees, the Plan administrators, the Fund's attorneys and auditors in the collections process. A true and correct copy of the SEIU Health & Welfare Fund Collection Policy is attached hereto as Plaintiffs' Exhibit 3.

17. Section 4, paragraph 8 of the SEIU Health & Welfare Fund Collection Policy provides that if an employer refuses to timely permit a payroll review upon request, the SEIU Health & Welfare Fund shall refer that matter to legal counsel and the employer shall be liable for all legal fees and costs associated with compelling the employer's compliance, including any travel expenses incurred by an auditor. Exhibit 3, Section 4, ¶ 8.

18. Section 4, paragraph 9 of the SEIU Health & Welfare Fund Collection Policy further provides that if an employer fails to make available records requested for an audit within 60 days of the request date and the SEIU Health & Welfare Fund is forced to commence a lawsuit to compel compliance, the employer shall be liable for all attorneys' fees and costs incurred by the SEIU Health & Welfare Fund in enforcing its right to review the employer's records. Exhibit 3, Section 4, ¶ 9.

19. The SEIU Health & Welfare Fund made repeated requests to Defendant for information necessary to complete an audit of the Defendant's contributions to the SEIU Health & Welfare Fund for the period of January 2014 to December 2015. The correspondence sent by the Fund and counsel are attached as Exhibit 4. Defendant has failed and refused to provide the necessary documents within 60 days of the SEIU Health & Welfare Fund's and the Fund's counsel's March 22, 2016, May 5, 2016, June 14, 2016, and August 15, 2016 requests. The Fund's counsel sent a final demand on December 19, 2016, to which no response has been received. As of the date of this Complaint, due to Defendant's non-compliance, the SEIU Health & Welfare Fund has been unable to perform an audit on Defendant as provided for in the SEIU Health & Welfare Fund Collection Policy.

**Count I**

20. Plaintiffs reallege and incorporate Paragraphs 1 through 19.

21. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3), and Section 301 of the LMRA, 29 U.S.C. § 185. .

22. Pursuant to the Health & Welfare Fund's Trust Agreement and Collection Policy, as well as Defendant's obligations under the applicable collective bargaining agreement and under ERISA, Defendant is obligated to provide information so that the Health & Welfare Fund may perform an audit to verify that Defendant has remitted the appropriate amount of contributions to the Health & Welfare Fund.

23. Under Section 502(g) of ERISA, Plaintiff Health & Welfare Fund is entitled to recover all costs of this action from the Defendant, including reasonable attorneys' fees and court costs.

24. Under the SEIU Health & Welfare Fund Collection Policy, Plaintiff SEIU Health & Welfare Fund is further entitled to all other legal costs associated with Plaintiffs' referral of this matter to counsel to compel Defendant's compliance.

25. Prior to commencing this lawsuit, the SEIU Health & Welfare Fund sent several letters and attempted to directly contact the Defendant in an attempt to obtain the information necessary to perform an audit from Defendant. *See* Exhibit 4. Defendant has not provided the requested audit data in response to these letters. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Health & Welfare Fund.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is in violation of its contractual and statutory obligations by failing and refusing to provide payroll review records to the SEIU Health & Welfare Fund

pursuant to the Collective Bargaining Agreement, the SEIU Health & Welfare Fund's Trust Agreement, and the SEIU Health & Welfare Fund Collection Policy;

    2.    Enter an order requiring the Defendant to timely provide such information as is requested by the Fund in order to perform an audit of the Defendant;

    3.    Enter judgment for Plaintiffs' attorneys' fees and costs incurred in this action, as required by the Trust Agreement, the SEIU Health & Welfare Fund Collection Policy,and Section 502(g) of ERISA;

    4.    Enter judgment for Plaintiffs' in the amount of all other legal costs incurred in Plaintiffs' efforts to compel Defendant's compliance prior to this action;

    5.    Retain jurisdiction of this case pending Defendant's compliance with the Court's orders; and

    6.    Grant such further relief as the Court may deem appropriate.

Respectfully submitted,

    /s/ Lauren P. McDermott
Lauren P. McDermott (DC Bar No. 1008301)
Mooney, Green, Saindon,
 Murphy & Welch, P.C.
1920 L Street, NW
Washington, D.C. 20036
lmcdermott@mooneygreen.com
(202) 783-0010
(202)  783-6088 Facsimile

*Counsel for the Plaintiffs*

Dated: September 13, 2017

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 13th day of September, 2017, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR INJUNCTIVE RELIEF, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

/s/ Lauren P. McDermott
Lauren P. McDermott